
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 12-30056-RAL |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| vs. | * | AFFIRMING DENIAL OF |
| | * | MOTION TO SEVER FOR |
| BARRY ALLMAN, | * | TRIAL |
| Defendant. | * | |

## I. INTRODUCTION

Defendant Barry Allman filed a Motion to Sever Counts for Trial, Doc. 42, seeking to sever the count charging him with being a convicted domestic violence offender in possession of a firearm from all other counts. Magistrate Judge Mark A. Moreno filed a Memorandum Opinion and Order Denying Motion to Sever. Doc. 50. Allman has appealed Judge Moreno's ruling to this Court. Doc. 52. The United States Court of Appeals for the Eighth Circuit has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." Belk v. Purkett, 15 F.3d 803, 815 (8th Cir. 1994). This Court, accordingly, has conducted a de novo review of the record and affirms the Memorandum Opinion and Order Denying the Motion to Sever.

## II. FACTS

This Court is familiar with the background facts of this case because this Court has considered testimony and ruled on Allman's motion to suppress. Doc. 44. This case arises out of a May 3, 2012 altercation on the Rosebud Sioux Tribe Reservation, during which two people were shot. Defendant Barry Allman fled the locale in a vehicle after the shots were fired. The

vehicle was stopped, officers searched the vehicle, and Allman made statements to tribal and federal law enforcement agents on May 3 and 4, 2012. Id.

On May 7, 2012, an indictment was filed, charging Allman in Count I with assault with a dangerous weapon, in Counts II and III with assault resulting in serious bodily injury, and in Count IV with discharging, brandishing, carrying, or possessing a firearm during and in relation to a crime of violence. Doc. 9. Allman's criminal history allegedly includes a conviction on a misdemeanor charge of domestic violence on March 25, 2011, in Pennington County, South Dakota. Doc. 46 at 2. This domestic violence conviction in violation of South Dakota Codified Law ("SDCL") § 22-18-1 allegedly makes Allman a prohibited person under 18 U.S.C. § 922(g)(9). Doc. 36. A superseding indictment filed on July 10, 2012, added Count V, a charge against Allman of convicted domestic violence offender in possession of a firearm. Id.

Allman moved to suppress the statements made to tribal police officers and the FBI, and to suppress evidence seized from the vehicle search. Doc. 27. This Court denied Allman's motion to suppress. Doc. 44. Allman filed a Motion to Sever for Trial Count V of the Superseding Indictment. Doc. 42. On August 22, 2012, Judge Moreno issued a Memorandum Opinion and Order denying Allman's Motion to Sever for Trial. Doc. 50. Allman then appealed the Memorandum Opinion and Order. Doc. 52.

## III. DISCUSSION

Allman objects to Judge Moreno's ruling on the application of Federal Rule of Criminal Procedure 8(a) ("Rule 8(a)") and Federal Rule of Criminal Procedure 14 ("Rule 14 "). These objections are addressed in turn.

## A. Application of Federal Rule of Criminal Procedure 8(a)

Allman argues that Count V was improperly joined with Counts I through IV in the Superseding Indictment. The Government argued, and Judge Moreno concluded, that joinder was proper because the charges were temporally and logically connected.

Federal Rule of Criminal Procedure 8(a) states that "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 8(a) is "broadly construed in favor of joinder to promote the efficient administration of justice." United States v. Taken Alive, 513 F.3d 899, 902-03 (8th Cir. 2008) citing United States v. Little Dog, 398 F.3d 1032, 1037 (8th Cir. 2005), United States v. Rock, 282 F.3d 548, 552 (8th Cir. 2002).

The five counts in the Superseding Indictment are of "the same or similar character, or are based on the same act or transaction." Fed. R. Crim. P. 8(a). All five counts arise out of Allman's alleged conduct on May 3, 2012, in Parmalee, South Dakota. Convictions on Counts I, IV, and V, hinge in part on the Government proving beyond a reasonable doubt that Allman possessed a gun on May 3, 2012. Indeed, the only additional proof that the Government appears to bear in proving up the elements of Count V, over and above what the Government must prove to obtain convictions on other counts, is that Allman has an underlying domestic violence conviction rendering him a person prohibited from possessing a firearm. Thus, Count V of the Indictment is of "the same or similar character" and is "based on the same act or transaction" as the remaining counts of the Superseding Indictment. See Fed. R. Crim. P. 8(a); United States v. Boyd, 180 F.3d 967, 981-82 (8th Cir. 1999).

## B. Application of Federal Rule of Criminal Procedure 14

Allman requests severance of Count V from Counts I through IV under Rule 14 of the Federal Rules of Criminal Procedure and argues that there is a serious risk that a trial of Count V joined with that of the remaining counts would prejudice Allman. The Government argues, and Judge Moreno concluded, that one trial would not unduly prejudice Allman's rights and would be more efficient.

Rule 14 provides that "[i]f the joinder of offenses . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendant's trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14. "'Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together.'" Taken Alive, 513 F.3d at 903 (quoting United States v. Rodgers, 732 F.2d 625, 630 (8th Cir. 1984)). A trial court has considerable discretion on when to sever a count for trial or conduct a bifurcated trial. See Athey v. Farmers Ins. Exch., 234 F.3d 357, 362 (8th Cir. 2000) (finding broad discretion for bifurcating civil trials); Yakus v. United States, 321 U.S. 414, 444 (1944) (finding splitting a criminal trial into civil and criminal parts is valid); United States v. Jackson, 549 F.2d 517, 523 (8th Cir. 1977) (holding that "the motion to sever is addressed to the discretion of the trial court"); Fed. R. Crim. P. 14 (providing trial courts the right to bifurcate by granting discretion to award "any other relief that justice require[s]").

Allman does face potential prejudice from trial of Count V with that of the remaining counts. In a separate trial on Counts I through IV, the prior domestic violence conviction would not be admissible evidence. Federal Rule of Evidence 609 limits the admittance of evidence of

prior criminal conviction for impeachment purposes. With respect to trial of Counts I through IV, the domestic violence conviction would not be admissible because it is a misdemeanor conviction, there is no connection to the instant offense, and it is not a crime of dishonesty or false statement. See Fed. R. Evid. 609. Likewise, the prior misdemeanor domestic violence conviction would be inadmissible in a trial of Counts I through IV under Federal Rule of Evidence 404(b). Rule 404(b)(1) prohibits evidence of a crime to prove a person's character in order to show that on a particular occasion the defendant acted in accordance with that character. Evidence of a prior crime is admissible under Rule 404(b) in a criminal trial only for other purposes, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). None of those exceptions apply in this case with respect to Counts I through IV. Therefore, a trial of Count V with Counts I through IV could result in introduction of evidence of a prior misdemeanor domestic violence conviction, where it would otherwise be inadmissible.

An instruction to the jury on restricting use and consideration of the misdemeanor conviction to determine whether the Government has proven all elements of Count V and for no other purpose is one way to seek to avoid undue prejudice to Allman. The Government's position is that entering evidence of the prior domestic violence conviction would not prejudice Allman because a stipulation along with a limiting instruction would ensure no prejudice was suffered by Allman. While this may be true, the parties have reached no such stipulation.

As the decision of Judge Moreno reflects, considerable authority exists that a prohibited person offense may be tried along with other counts of the nature Allman faces. See, Rock, 282 F.3d at 552 (holding that "witness tampering and felon-in-possession offenses" did not need to

be severed); United States v. Kind, 194 F.3d 900, 906 (8th Cir. 1999) (upholding denial of severance for a felon-in-possession charge absent a clear showing of prejudice when government's evidence did not highlight the facts of the underlying prior conviction); United States v. Rogers, 150 F.3d 851, 855-57 (8th Cir. 1998) (upholding denial of severance and holding that although stipulation disclosed the nature of the underlying felony offenses, the limiting instruction properly protected defendant from prejudice); see United States v. Aldrich, 169 F.3d 526, 528 (8th Cir. 1999) (reversing denial of severance where "the jury learned of [defendant's] criminal record as part of the government's proof" on counts not involving prohibited person status). This Court is mindful of the need to ensure that the jury does not convict Allman because it believes him to be a bad person based on his prior domestic violence conviction. If the parties stipulate that there is a prior misdemeanor conviction that renders Allman prohibited from possessing a firearm, then such a stipulation, together with a limiting instruction, would make trial of Count V with the remaining counts not unfairly prejudicial to Allman. If Allman's defense to Count V is that there is no such prior conviction of him, and the Government is forced to put on evidence about the nature of the conviction, this Court might reconsider the Motion to Sever for Trial and bifurcate trial of Count V from his remaining charges. At this point, the Court finds no error or reason to reverse Judge Moreno's decision to deny the Motion to Sever for Trial because there should be ways to avoid unfair prejudice to Allman through a single trial with Count V tried along with Counts I through IV.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Sever for Trial (Doc. 44) is denied and the

Memorandum Opinion and Order Denying Motion to Sever (Doc. 50) is affirmed.

Dated September 21st, 2012.

BY THE COURT:

/s/ Roberto A. Lange
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE